# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD DANIELSON, <br><br> Plaintiff, <br><br> v. <br><br> CHESTER TOWNSHIP THROUGH ITS POLICE DEPARTMENT, et. al., <br><br> Defendants. | Civil Action No. 13-5427 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

As it relates to the instant motion, this case involves allegations that the New Jersey Highlands Water Protection and Planning Council ("Highlands Council"), and several of its members, violated Plaintiff's rights under the First Amendment of the United States Constitution when councilmembers interrupted Plaintiff during his public comments at a council meeting. Currently before the Court is a motion to dismiss Plaintiff's Complaint filed by Defendants the Highlands Council, Chairman Jim Rilee and Councilmember Bruce James (hereinafter "Council Defendants") [Docket Entry No. 4]. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendants' motion is granted. Counts Two, Four and Five of Plaintiff's Complaint are dismissed *without* prejudice.

## BACKGROUND[1]

On August 3, 2011, Plaintiff sought to speak at a public meeting of the Highlands Council. (Compl., ¶ 10). Plaintiff's comments were subject to a three-minute time limit. (*Id.*, ¶ 11). During the portion of the meeting set aside for public comments, Plaintiff approached the podium to speak. (*Id.*, ¶ 12). About ninety (90) seconds into Plaintiff's comments, Plaintiff was interrupted "without cause" by Defendant Rilee. (*Id.*, ¶ 13). Plaintiff refused to stop speaking and was subsequently arrested by approximately three Chester Township Police Officers. (*Id.*).

In light of the foregoing facts, Plaintiff initiated this matter on July 31, 2013, by filing a Complaint in the Superior Court of New Jersey. Defendants removed this matter to this Court on September 11, 2013. This Court's jurisdiction is premised on 28 U.S.C. §§ 1331, 1367.

Count One of Plaintiff's Complaint alleges a claim of excessive force pursuant to 42 U.S.C. § 1983 as against the Police Officer Defendants. Count Two contains a § 1983 claim against the Individual Council Defendants based upon alleged violations of Plaintiff's Fourteenth Amendment right to equal protection and his First Amendment right to freedom of speech. Count Three alleges a § 1983 *Monell* claim as against Defendant Chester Township. Count Four alleges a § 1983 *Monell* claim as against the Highlands Council. Finally, Count Five alleges a violation of the New Jersey Civil Rights Act, as against all Defendants.

The Council Defendants have now filed a motion to dismiss Counts Two, Four and Five of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] The following relevant facts are accepted as true for purposes of the instant motion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

## LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*

Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). With this framework in mind, the Court turns now to Defendants' motion.

## DISCUSSION

### A.    Count Two—§ 1983 Equal Protection and First Amendment Claims

Count Two contains two separate claims against the Individual Council Defendants, Bruce James and Jim Rilee, both of whom are alleged to have been councilmembers present at the August 3, 2011 council meeting. In particular, Count Two alleges a § 1983 claim against James and Rilee based upon their alleged violations of Plaintiff's Fourteenth Amendment right to equal protection and his First Amendment right to freedom of speech. These claims are premised entirely on the

3

following factual allegations: during the August 3, 2011 council meeting, Plaintiff attempted to speak on an issue of public importance and councilmembers James and Rilee "interrupted [Plaintiff's] public comments prior to this expiration of the three-minute limit and without cause." (Compl., ¶¶ 23-27). Within the framework of these facts, the Court will assess the plausibility of Plaintiff's equal protection and first amendment claims, respectively.

As a preliminary matter, however, both claims are brought pursuant to § 1983. 42 U.S.C. § 1983 provides a civil action for the deprivation of rights against:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

42 U.S.C. § 1983. The Council Defendants urge the Court to dismiss all claims asserted against the Council Defendants on the basis that the Highlands Council is an arm of the state and thus is not a "person" under § 1983. The United States Supreme Court has held that "a State is not a 'person' within the meaning of § 1983." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66 (1989); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 475 F.3d 524, 545-546 (3d Cir. 2007) ("A state entity is properly characterized as an arm of the state and thus 'entitled to immunity from suit in a federal court under the eleventh amendment when a judgment against it 'would have essentially the same practical consequences as a judgment against the State itself.' ") (citation omitted). The Third Circuit has articulated the following three-part test for determining when a suit against an entity is actually a suit against the state itself:

> (1) Whether the money that would pay the judgment would come from the state . . . ;
>
> (2) The status of the agency under state law . . . ; and

(3) What degree of autonomy the agency has.

*Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989).

Defendants' argument concerning whether or not the Highlands Council is an arm of the state appears to raise a number of factual issues which are arguably inappropriate on a motion to dismiss. *See Jordan*, 20 F.3d at 1261 (noting that, in evaluating plaintiff's claims on a motion to dismiss, the Court "looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record."). For example, Defendant attaches a declaration by Deputy Attorney General Matthew T. Kelly which, in turn, attaches twenty-five (25) pages of documents in support of the assertion that "the Highlands Council receives all of its operational funding from the Treasury of the State of New Jersey." (Def. Reply at 2).[2] Although the Council Defendants ultimately might succeed in proving that the Highlands Council is, in fact, a state entity and thus not subject to suit under § 1983, the standard on a motion to dismiss is not whether Plaintiff's claims will ultimately succeed or even the probability of their success; rather, in order to state a claim for purposes of Rule 12(b)(6), Plaintiff must simply allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" in support of such claim(s). *Twombly*, 550 U.S. at 556. Having carefully considered the parties' arguments concerning this significant and fact-intensive issue, the Court declines to rule one way or another at this early stage of the litigation

---

[2] The Court declines to consider the documents submitted by Defendants inasmuch as they are extraneous to the Complaint and thus have no bearing on whether Plaintiff has met his burden of pleading "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *see generally Jordan*, 20 F.3d at 1261 (noting that, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record.").

and based on the incomplete record before the Court. *See, e.g., Bowers*, 475 F.3d at 546 ("Whether a public university is entitled to Eleventh Amendment immunity is a fact-intensive review that calls for individualized determinations."); *see generally McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 236 (3d Cir. 2010) (affirming district court's dismissal, following a bench trial, of all § 1983 claims as against the University of the Virgin Islands on the basis that it was not a "person" for purposes of § 1983 and that Ragster and Georges, who were acting in their official capacities as UVI employees, were also not "persons" for purposes of § 1983); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (affirming district court's grant of summary judgment in favor of the Judicial District based on Eleventh Amendment immunity and noting that "[f]rom a holistic analysis of the Judicial District's relationship with the state, it is undeniable that Pennsylvania is the real party in interest in Benn's suit and would be subjected to both indignity and an impermissible risk of legal liability if the suit were allowed to proceed.").

That being said, the Court agrees that Count Two, as currently pled, fails to contain any facts to substantiate Plaintiff's theory that the Highlands Council is a "person" subject to § 1983, and is thus *not* an arm—or alter ego—of the State of New Jersey. Although the Court could dismiss all claims asserted against the Council Defendants on this basis alone, in the interest of judicial economy and for purposes of completeness, the Court will proceed to analyze whether Plaintiff has otherwise met its burden of stating any facially plausible claims against the Council Defendants.

1. **Equal Protection and First Amendment Claims**

The Individual Council Defendants move to dismiss both claims asserted in Count Two on two grounds. First, the Individual Council Defendants maintain that Plaintiff's Complaint fails to

6

specify whether Count Two is asserted against them in their individual or official capacities, in violation of Rule 8. In this regard, the Individual Council Defendants maintain that, if they are being sued in their official capacities, such claims should be dismissed for the same reasons advanced above—namely, because a suit against a state official in his or her official capacity is not a suit against the official, but rather a suit against the state itself. As previously stated, however, the Court declines to rule on this fact-intensive issue—of whether the Highlands Council is, in fact, a state entity and thus not subject to suit under § 1983—on a motion to dismiss. To the extent the Individual Council Defendants are being sued in their personal capacities, they urge the Court to dismiss such claims on the basis of qualified immunity inasmuch as they claim that Plaintiff has failed to allege sufficient facts to support the claim that the Individual Council Defendants violated any clearly established constitutional rights by interrupting the Plaintiff during the August 3, 2011 council meeting.

Second, the Individual Council Defendants argue that regardless of whether they are being sued in their individual or official capacities, Plaintiff has, in any event, failed to allege sufficient facts to state a facially plausible equal protection *or* first amendment claim against them, as required by the *Twombly* and *Iqbal* pleading standard.

Having carefully considered the Individual Council Defendants' arguments concerning Count Two, the Court agrees that Count Two must be dismissed, in its entirety, without prejudice for several reasons.

### a.     Rule 8

First, the Court agrees with Defendants that Count Two fails to specify whether it is brought against Defendants Rilee and James in their individual or official capacities. Defendants should not be forced to guess whether Plaintiff intended to assert his Equal Protection and First

7

Amendment claims against Defendants Rilee and James in their official or personal capacities (or both), and then argue implications of same in the abstract. Rule 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Without specifying whether the claims asserted against Defendants Rilee and James are in their official or personal capacities, Plaintiff has failed to provide Defendants with proper notice of the nature of the claim(s) being asserted against them, in violation of Rule 8(a).

Next, it is not entirely clear whether Plaintiff claims that it was Defendant Rilee or Defendant James who actually interrupted him, or both. *Compare* Compl., ¶ 13 ("Approximately 90 seconds into Plaintiff's comments, he was interrupted without cause by Defendant Rilee.") *with* Compl., ¶ 26 ("Defendant Council Members interrupted his public comments prior to the expiration of the three-minute limit and without cause."). Again, this violates Rule 8(a) because it fails to give Defendants Rilee and James proper notice of the nature of the claim(s) being asserted against them.

For these two reasons, the Court concludes that Plaintiff has failed to provide Defendants Rilee and James with proper notice of the nature of claim(s) being asserted against them, in violation of Rule 8(a) of the Federal Rules of Civil Procedure.

### b. Failure to State a Claim

Putting aside the basic Rule 8(a) pleading deficiencies in Count Two, based on the reasons that follow, the Court finds that Plaintiff has in any event failed to allege sufficient facts to substantiate either an Equal Protection or First Amendment claim as against either Defendant Rilee or James.

As a preliminary matter, the Court notes that personal involvement by a defendant is an indispensable element of a valid legal claim; such personal involvement may exist only where the named defendant violated the plaintiff's rights either by executing the acts at issue himself or herself, or by directing others to violate the plaintiff's rights. *See Baker v. Monroe Twp.*, 50 F.3d 1186, 1190–91 (3d Cir. 1995); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Where no personal involvement by the defendant is asserted, the plaintiff's claim against that defendant is subject to dismissal. *Rode*, 845 F.2d at 1207. As stated above, it is unclear from the Complaint whether Defendant James had any role in the alleged interruption. *Compare* Compl., ¶ 13 ("Approximately 90 seconds into Plaintiff's comments, he was interrupted without cause by Defendant Rilee.") *with* Compl., ¶ 26 ("Defendant Council Members interrupted his public comments prior to the expiration of the three-minute limit and without cause."). Absent any particular facts establishing personal involvement by Defendant James in the alleged interruption, Count Two is subject to dismissal, in its entirety, as it relates to Defendant James.

As to Plaintiff's First Amendment claim, the parties agree that the public portion of a meeting of a governmental body, like the Highlands Council, is a limited public forum for First Amendment purposes. *See Galena v. Leone*, 638 F.3d 186, 198 (3d Cir. 2011) ("Traditional public forums include public streets, parks, and other public areas traditionally devoted to assembly and debate . . . In contrast to traditional and designated public forums, a governmental entity creates a limited public forum when it provides for 'a forum that is limited to use by certain groups or dedicated solely to the discussion of certain subjects.' "). The parties also agree that, in a limited public forum, "to avoid infringing on First Amendment rights, the governmental regulation of speech only need be viewpoint-neutral and 'reasonable in light of the purpose served by the forum[.]' " *Id.* (quoting *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 107 (2001)). Stated

9

differently, governmental entities which have established limited public forums "may impose restrictions on speech that are reasonable and viewpoint-neutral." *Christian Legal Soc. Chapter of the Univ. of California, Hastings College of the Law v. Martinez*, 130 S. Ct. 2971, 2984 (2010). Thus, in order to state a facially plausible First Amendment claim based upon the alleged restrictions on speech imposed on him during the August 3, 2011 council meeting, Plaintiff must allege, *inter alia*, facts establishing that restrictions were imposed on his speech based upon his viewpoint. *See, e.g., Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 279 (3d Cir. 2004) ("Government facilities that are not committed to public communicative activity may regulate speech by the general public so long as that regulation is reasonable and not based on opposition to a particular viewpoint.").

Plaintiff's Complaint, as currently drafted, alleges simply that Plaintiff was interrupted while speaking and that such interruption was "without cause." Aside from describing the interruption as "without cause"—which is conclusory and arguably a legal conclusion—Plaintiff has alleged no facts that would allow this Court to draw the reasonable inference that restrictions were imposed on his speech, by either Defendant Rilee or James, on the basis of his viewpoint. Absent such factual content, Plaintiff has failed to plead an actionable violation of his First Amendment rights by either Defendant Rilee or James. *See generally Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing *Twombly*, 550 U.S. at 556). Plaintiff's First Amendment claims against Defendants Rilee and James are therefore dismissed without prejudice.

Turning now to Plaintiff's Equal Protection claim against the same defendants, a plaintiff may state a claim for a violation of the Equal Protection clause under a "class of one" theory when

he "alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To state a claim under the "class of one" theory, a plaintiff must at least allege that: "(1) the defendant treated him differently from others similarly situated; (2) the defendant did so intentionally; and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (citation omitted). Plaintiff concedes that his equal protection claim is premised on the same facts underlying his First Amendment claim—namely, that Defendants Rilee and James interrupted his speech "without cause." *See* Pl. Opp'n Br. at 14-15.

Even if the Complaint could be construed as alleging that Defendants acted intentionally when they interrupted Plaintiff's speech, Plaintiff's equal protection claim is wholly deficient inasmuch as the Complaint does not allege that he was treated differently from any other speaker during the August 3, 2011 council meeting. In Plaintiff's opposition brief, he states: "Plaintiff was prevented by Defendants from using his 3 minutes—unlike others similarly situated." (Pl. Opp'n Br. at 15). Although Plaintiff cites to paragraph 13 of his Complaint in support of this assertion, paragraph 13 makes no mention of the fact that Plaintiff was allegedly treated any differently from any other particular individuals. Even if Plaintiff's Complaint *did* contain the allegation that he was treated "unlike others similarly situated," such allegation would be insufficient inasmuch as it is entirely conclusory absent corresponding facts to provide proper context for this statement. *See, e.g., Hill*, 455 F.3d at 239 ("Hill's [equal protection] claim must fail because he does not allege the existence of similarly situated individuals—i.e., Borough Managers—who Marino treated differently than he treated Hill."); *Phillips*, 515 F.3d at 245 (affirming dismissal of class-of-one equal protection claim where there was "no allegation that these actions resulted in him being

treated differently from other individuals—individuals whose personal information is in the 911 database. Paragraph 26 of the Complaint, for example, indicates that 'Defendants Tush and Craig assisted Michalski knowing that they were accessing unauthorized personal information that had absolutely no relationship to their functions as dispatchers and [sic] a 911 emergency call center.' This allegation, however does not aver that Phillips was treated differently.").

Next, Plaintiff fails to allege any facts that would allow the Court to draw the reasonable inference that either Defendant Rilee or James lacked a rational basis for their alleged interruption of Plaintiff's speech. Based on Plaintiff's opposition brief, it is clear to the Court that Plaintiff has attempted to satisfy the third element for a class-of-one equal protection claim—that there was no rational basis for the difference in treatment—by alleging that Defendants Rilee and/or James interrupted him "without cause." As previously stated, the Court finds the expression "without cause," as used by Plaintiff in Count Two of the Complaint, to be entirely conclusory and arguably a legal conclusion. In other words, Plaintiff provides absolutely no facts to substantiate the theory that Defendants lacked a rational basis for interrupting him during his speech. Absent facts concerning the circumstances surrounding Plaintiff's speech and Defendants' alleged interruption, the Court cannot draw the reasonable inference that either Defendant Rilee or James are liable for the misconduct alleged—namely, violation of Plaintiff's Equal Protection rights. Plaintiff's Equal Protection claims against the Individual Council Defendants are thus dismissed without prejudice.

Because the Court finds that Plaintiff has failed to plead a facially plausible First Amendment or Equal Protection claim as against either of the Individual Council Defendants—and dismisses both claims on this basis *without* prejudice—the Court declines to rule on the Council Defendants' qualified immunity arguments at this time. The Council Defendants may renew such arguments in any future motion practice.

## B. Count Four—*Monell* Claim Against Highlands Council

Count Four purports to assert a § 1983 *Monell* claim against the Highlands Council based on the following facts: "Defendant Highlands Council, through Chairman Jim Rilee, developed and maintained policies and customs exhibiting deliberate indifference to the Constitutional Rights of Plaintiff." Municipalities or other local government units may incur liability under § 1983 only when its policy or custom causes a particular constitutional violation. *See Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). But Plaintiff's Complaint alleges no particular policy or custom that was actually adopted and promulgated by the Highlands Council. Nor does the Complaint lay out any facts to explain how such particular policy or custom actually caused a violation of Plaintiff's constitutional rights. At most (as it pertains to this motion), the Complaint alleges that Defendant Rilee interrupted him while he was speaking during a Highlands Council meeting. "[A] municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691. Because Plaintiff fails to identify any particular policy or custom adopted by the Highlands Council that caused the alleged deprivation of his constitutional rights, and given that the Highlands Council cannot be held liable merely because of the actions of one of its employees, Plaintiff has failed to state a facially plausible § 1983 *Monell* claim against Defendant Highlands Council. The Council Defendants' motion to dismiss Count Four is granted. Count Four of Plaintiff's Complaint is dismissed *without* prejudice.

## C. Count Five—Violation of New Jersey Civil Rights Act

In addition to bringing claims pursuant to § 1983, Plaintiff also brings a claim under the New Jersey State Constitution through the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A.

13

10:6–2, in Count Five of his Complaint. A person may bring a civil action under the NJCRA in two circumstances: "(1) when he's deprived of a right, or (2) when his rights are interfered with by threats, intimidation, coercion or force." *Felicioni v. Administrative Office of Courts*, 404 N.J. Super. 382, 400, 961 A.2d 1207 (App. Div. 2008). The NJCRA was modeled after § 1983, and thus courts in New Jersey have generally looked at claims under the NJCRA "through the lens of § 1983." *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443–44 (D.N.J. 2011); *see also Chapman v. New Jersey*, No. 08–4130, 2009 WL 2634888, *3 (D.N.J. Aug. 25, 2009) ("Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart...."); *Armstrong v. Sherman*, No. 09–716, 2010 WL 2483911, *5 (D.N.J. June 4, 2010) ("[T]he New Jersey Civil Rights Act is a kind of analog to section 1983 ...."); *see generally Hedges v. Musco*, 204 F.3d 109, 121 n. 12 (3d Cir. 2000) (concluding that New Jersey's constitutional provisions concerning search and seizures are interpreted analogously to the Fourth Amendment).

Plaintiff's claim for violation of the New Jersey Civil Rights Act fails for two reasons. First, it fails to comply with Rule 8(a). Plaintiff merely "incorporates by reference each and every allegation" previously set forth in the Complaint, and then states in a conclusory fashion that "the acts of the Defendants violated Plaintiff's rights under the New Jersey Civil Rights Act." Plaintiff does not specify which particular acts by which particular Defendants he believes caused a violation of his rights under the NJCRA. Plaintiff's Complaint asserts a variety of § 1983 claims against a variety of Defendants. Although this motion pertains only to the Council Defendants, Plaintiff's Complaint also attempts to hold liable the Township of Chester, its Police Department and several of its officers for actions that took place *after* the Council Defendants' allegedly interrupted his speech and under theories that are entirely distinct from those under which he attempts to hold the Council Defendants liable. Neither the Court nor the Defendants should be

forced to speculate which events and theories of liability give rise to Count Five. Certainly, neither the Court nor the Defendant should be required to sift through all of Plaintiff's previously stated allegations in order to piece together a claim under the NJCRA. Although there may be circumstances in which it is appropriate to incorporate certain allegations by reference, there is no question that each count of a properly pled complaint must contain its own cause of action and those particular factual allegations that would allow the Court to draw the reasonable inference that the defendant is liable for that cause of action. *See Iqbal*, 556 U.S. at 678. Count Five of Plaintiff's Complaint, as currently drafted, fails to meet this requirement. *See, e.g., Anderson v. District Bd. of Trustees of Cent. Florida Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996) ("Anderson's complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.").

In the alternative, having concluded that the Complaint fails to set forth any viable § 1983 claims against the Council Defendants, Plaintiff's corresponding claim (against said Defendants) for violation of the NJCRA—which, is indisputably modeled after § 1983—must be dismissed, without prejudice, for the reasons discussed above.

### D. Punitive Damages

Finally, Plaintiff seeks, in conjunction with all claims asserted against the Council Defendants, an award of punitive damages. The Council Defendants seek to strike Plaintiff's request for punitive damages on the basis that punitive damages are not available in a lawsuit under § 1983. Although the Court agrees, as a general matter, that "a municipality is immune from punitive damages under 42 U.S.C. § 1983," the issue of whether the Highlands Council Water

15

Protection and Planning Council should be considered a municipality has not been properly presented to this Court. geroge*City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981). Moreover, as previously stated, Defendants' related arguments concerning whether or not the Highlands Council is an arm of the state appears to raise a number of factual issues which are inappropriate on a motion to dismiss. In any event, having concluded that Plaintiff's Complaint fails to state *any* facially plausible claims against the Council Defendants, the issue of whether said Defendants could be subjected to punitive damages arising out of said claims is, at this juncture, moot.

## CONCLUSION

Based on the reasons set forth above, the Council Defendants' motion to dismiss [Docket Entry No. 4] is **granted**. Counts Two, Four and Five are dismissed *without* prejudice. Plaintiff may file an Amended Complaint on or before **December 30, 2013** to cure the pleading deficiencies discussed above. Plaintiff's failure to do so by such date may result in dismissal of Counts Two, Four and Five *with* prejudice, upon application by the Council Defendants.

An appropriate Order accompanies this Opinion.

Date: November 19, 2013

s/ Jose L. Linares
Jose L. Linares
United States District Judge