<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD DANIELSON,<br><br>    Plaintiff,<br><br>v.<br><br>CHESTER TOWNSHIP THROUGH ITS POLICE DEPARTMENT, et. al.,<br><br>    Defendants. | Civil Action No. 13-5427 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge**.**

  As it relates to the instant motion, this case involves allegations that the New Jersey Highlands Water Protection and Planning Council ("Highlands Council"), and several of its members, violated Plaintiff's rights under*, inter alia*, the First Amendment of the United States Constitution when councilmembers interrupted Plaintiff during his public comments at a council meeting.  Currently before the Court is a motion to dismiss Plaintiff's Amended Complaint filed by Defendants the Highlands Council, Chairman Jim Rilee and Councilmember Bruce James (hereinafter "Council Defendants") [Docket Entry No. 15].  The Court has considered the submissions made in support of and in opposition to the instant motion.  No oral argument was heard.  Fed. R. Civ. P. 78.  Based on the reasons that follow, Defendants' motion is granted. Plaintiff may file a Second Amended Complaint on or before **April 21, 2014** to cure the pleading deficiencies discussed herein.

## BACKGROUND[1]

On August 3, 2011, Plaintiff sought to speak at a public meeting of the Highlands Council. (Am. Compl., ¶ 10). Plaintiff's comments were subject to a three-minute time limit. (*Id*., ¶ 11). During the portion of the meeting set aside for public comments, Plaintiff approached the podium to speak and was recognized by the chair, Defendant Jim Rilee. (*Id*., ¶ 12). About twenty four (24) seconds into Plaintiff's comments, Plaintiff was interrupted "without cause" by Defendant Rilee. (*Id*., ¶ 13). In particular, Defendant Rilee interrupted Plaintiff by stating "[t]his is about the TDR's."[2] (*Id*., ¶ 14). Plaintiff continued by stating: "I have a question for Mr. James who went after the farmers for polluting." (*Id*., ¶ 15). Plaintiff was then interrupted by Defendant (and Council Member) Bruce James who said "I didn't go after the farmers." (*Id*.). Plaintiff continued, by stating: "you went after the farms. You said they were the biggest polluters. Why don't you get rid of the golf courses? They're the biggest polluters and the biggest water users. You wipe them out and you wipe everything out." (*Id*.). Defendant Rilee then joked that he "does not play golf but plays 'miniature golf;'" the Director of the Highlands Council cackled at this comment. (*Id*., ¶ 16). Plaintiff then stated, "I'm not done yet." (*Id*., ¶ 17). Defendant Rilee responded, "[y]ou are becoming adversarial toward the members," to which Plaintiff responded: "No. I'm becoming adversarial against the condition I was left in." (*Id*.). Defendant Rilee then stated "I can appreciate that." (*Id*.). Plaintiff then stated, "No you can't. You don't appreciate it. You don't know." (*Id*.).

Plaintiff refused to stop speaking. (*Id*., ¶ 13). After some exchange between Plaintiff and an unidentified police officer, Plaintiff was arrested by at least three Chester Township Police

---

[1] The following relevant facts are accepted as true for purposes of the instant motion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[2] TDR stands for Transfer Development Rights. *See* Pl. Opp'n Br. at 4.

Officers. (*Id*., ¶ 18). Plaintiff was charged in Chester Municipal Court with disrupting a public meeting. (*Id*., ¶ 20). On November 9, 2011, the Prosecutor for Chester Township, Brian W. Mason, Esq., wrote a letter to the New Jersey Highlands Council wherein he noted that:

> Mr. Danielson was recognized by the Chair, and began to voice his opinion about the application which was before the Council, when he [was] interrupted. Words were exchanged, and Mr. Danielson was told that he was finished and to sit down. From the audio, Mr. Danielson spoke less than three (3) minutes. Until interrupted he spoke on point. I fail to see why Mr. Danielson was told that he was finished. Moreover, I fail to see a valid basis to prosecute Mr. Danielson for disrupting the meeting.

(*Id*.). The charge filed against Plaintiff was ultimately dismissed. (*Id*.).

In light of the foregoing facts, Plaintiff initiated this matter on July 31, 2013 by filing a Complaint in the Superior Court of New Jersey. Defendants removed this matter to this Court on September 11, 2013. This Court's jurisdiction is premised on 28 U.S.C. §§ 1331, 1367.

Count One of Plaintiff's Amended Complaint alleges a claim of excessive force pursuant to 42 U.S.C. § 1983 as against the Police Officer Defendants. Count Two contains a § 1983 claim against the Highlands Council and Councilmembers James and Rilee (hereinafter the Individual Council Defendants), in their official capacities, based upon alleged violations of Plaintiff's Fourteenth Amendment right to equal protection and his First Amendment right to freedom of speech. Count Three alleges a § 1983 *Monell* claim as against Defendant Chester Township. Count Four alleges a § 1983 *Monell* claim as against the Highlands Council and the Individual Council Defendants. Count Five alleges a violation of the New Jersey Civil Rights Act, as against all Defendants. Count Six purports to assert a § 1983 and NJCRA claim against the Individual Council Defendants in their individual capacities, based upon alleged violations of Plaintiff's Fourteenth Amendment right to equal protection and his First Amendment right to freedom of speech.

3

The Council Defendants have now filed a motion to dismiss Counts Two, Four, Five and Six of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **LEGAL STANDARD**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*

Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). With this framework in mind, the Court turns now to Defendants' motion.

## **DISCUSSION**

    **A.**    **Count Two—§ 1983 Equal Protection and First Amendment Claims**

Count Two contains two separate claims against the Individual Council Defendants, Bruce James and Jim Rilee, both of whom are alleged to have been councilmembers present at the August

4

3, 2011 council meeting. In particular, Count Two alleges a § 1983 claim against James and Rilee based upon their alleged violations of Plaintiff's Fourteenth Amendment right to equal protection and his First Amendment right to freedom of speech.

The Court begins by noting that Plaintiff also attempts to bring these claims against the Highlands Council. As the Court has previously held, "a municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). In accordance with the Court's holding, Plaintiff now asserts a *Monell* claim against the Highlands Council in Count Four of the Amended Complaint. To the extent Count Two is asserted against the Highlands Council, it is hereby dismissed *with* prejudice.

### 1.     First Amendment Claim

The Council Defendants move to dismiss this portion of Plaintiff's Amended Complaint on the basis that: "Plaintiff's Amended Complaint does not allege an actionable violation of his First Amendment rights by [the Council Defendants] at all, let alone one due to his viewpoint. Plaintiff's claim is based entirely on his allegation that he was 'interrupted' by Chairman Rilee and later by Councilmember James, and that those interruptions constituted violations of his First Amendment rights. But, as a matter of law, interrupting a speaker is not a First Amendment violation." (Def. Br. at 6). However, Defendants cite to no binding legal authority in support of this statement. Rather, Defendants rely on a single unpublished district court decision from the Northern District of Indiana, which is not binding on this Court, in support of their position. Certainly, the Court declines to dismiss Plaintiff's First Amendment claim on this basis—i.e., that

a speech interruption can never constitute an unconstitutional restriction on speech—in the absence of any binding legal authority directing same, particularly at the outset of the litigation.

As the Court held in its previous Opinion, the parties agree that the public portion of a meeting of a governmental body, like the Highlands Council, is a limited public forum for First Amendment purposes. *See Galena v. Leone*, 638 F.3d 186, 198 (3d Cir. 2011) ("Traditional public forums include public streets, parks, and other public areas traditionally devoted to assembly and debate . . . In contrast to traditional and designated public forums, a governmental entity creates a limited public forum when it provides for 'a forum that is limited to use by certain groups or dedicated solely to the discussion of certain subjects.' "). The parties also agree that, in a limited public forum, "to avoid infringing on First Amendment rights, the governmental regulation of speech only need be viewpoint-neutral and 'reasonable in light of the purpose served by the forum[.]' " *Id*. (quoting *Good News Club v. Milford Cent. Sch*., 533 U.S. 98, 107 (2001)). Stated differently, governmental entities which have established limited public forums "may impose restrictions on speech that are reasonable and viewpoint-neutral." *Christian Legal Soc. Chapter of the Univ. of California, Hastings College of the Law v. Martinez*, 130 S. Ct. 2971, 2984 (2010). Thus, in order to state a facially plausible First Amendment claim based upon the alleged restrictions on speech imposed on him during the August 3, 2011 council meeting, Plaintiff must allege, *inter alia*, facts establishing that restrictions were imposed on his speech based upon his viewpoint. *See, e.g., Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 279 (3d Cir. 2004) ("Government facilities that are not committed to public communicative activity may regulate speech by the general public so long as that regulation is reasonable and not based on opposition to a particular viewpoint.").

The Court begins by noting that it is unclear whether Plaintiff was speaking about the topic at hand—Transfer Development Rights ("TDR")—at the time of the alleged interruptions. *See generally Rowe v. City of Cocoa,* 358 F.3d 800, 803 (11th Cir. 2004) (per curiam) ("As a limited public forum, a city council meeting is not open for endless public commentary speech but instead is simply a limited platform to discuss the topic at hand."). Although Plaintiff's brief in opposition to Defendants' motion to dismiss claims that "Plaintiff's comments were completely relevant to the topic of TDR" (Pl. Opp'n Br. at 4), the Amended Complaint does not contain this particular allegation, nor does it contain any facts in support of same. *See generally Pennsylvania ex rel. v. Zimmerman v. Pepsico,* 836 F.2d 173, 181 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted). The Court recognizes that the Amended Complaint cites to portions of a letter written by the Chester Township Prosecutor wherein he states that, up until the time Plaintiff was interrupted, he was speaking "on point." (Am. Compl., ¶ 20). While Plaintiff may ultimately use the Prosecutor's statements to prove his claims, Plaintiff must, as an initial matter, allege sufficient facts based on his personal knowledge to state a viable claim.

Next, Plaintiff's Amended Complaint once again alleges that Plaintiff was interrupted while speaking and that such interruption was "without cause." Aside from describing the interruption as "without cause"—which is conclusory and arguably a legal conclusion—Plaintiff has alleged no facts that would allow this Court to draw the reasonable inference that restrictions were imposed on his speech, by either Defendant Rilee or James, *on the basis of his viewpoint*. Absent such factual content, Plaintiff has once again failed to plead an actionable violation of his First Amendment rights by either Defendant Rilee or James. *See generally Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing *Twombly*, 550 U.S. at 556).

In addition to the pleading deficiencies discussed above, the Court notes that the only factual allegations asserted against Defendant James are that Plaintiff asked him a direct question by name, that Defendant James responded, and that Plaintiff continued to speak. *See* Am. Compl., ¶ 15. Although the Amended Complaint alleges, generally, that James' interrupted him, when viewed in the context of the facts actually alleged, the Court cannot draw the reasonable inference that Defendant James interrupted Plaintiff while speaking. *See generally Iqbal*, 556 U.S. at 678. Without more, the Court has no reasonable basis on which to infer that Defendant James restricted—or even attempted to restrict—Plaintiff's speech.

Plaintiff's First Amendment claims are therefore dismissed *without* prejudice as to the Individual Council Defendants. In the interest of fairness, the Court will afford Plaintiff with one <u>final</u> opportunity to cure the pleading deficiencies in his First Amendment claim(s). To the extent Defendants maintain their position that interrupting a speaker does not constitute an unconstitutional restriction on speech in a limited public forum, Defendants shall cite to binding legal authority in support of this position in any future motion practice. *See, e.g.,* Def. Reply at 3 (stating that, "[a]s a matter of law, interrupting a speaker is not a First Amendment violation" without citing to *any* legal authority). Similarly, to the extent it is Plaintiff's position that Defendants are not entitled to qualified immunity because the right to be free from interruption at a public meeting was clearly established on the date in question, Plaintiff shall come forward with binding legal authority in support of same. Finally, to the extent Plaintiff's First Amendment claim is premised on the theory that Rilee and/or James not only interrupted but actually prevented him

8

from speaking—by, e.g., telling him to "sit down" (Am. Compl., ¶ 20)—then Count Two must be amended to clarify the specific facts upon which it is based.

### 2. Equal Protection Claim

Turning now to Plaintiff's Equal Protection claim against the same defendants, as previously held, a plaintiff may state a claim for a violation of the Equal Protection clause under a "class of one" theory when he "alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). To state a claim under the "class of one" theory, a plaintiff must at least allege that: "(1) the defendant treated him differently from others similarly situated; (2) the defendant did so intentionally; and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (citation omitted). Plaintiff again concedes that his equal protection claim is premised on the same facts underlying his First Amendment claim—namely, that Defendants Rilee and James interrupted his speech "without cause." *See* Pl. Opp'n Br. at 11.

The Amended Complaint now alleges, in pertinent part, that during the August 3, 2011 meeting, "at least one dozen other persons spoke during [the] public comment periods," and that "[n]o other person was prevented from finishing their statements based on the viewpoint or based on the subject matter of their statements." (Am. Compl., ¶ 35). This statement is properly substantiated by the facts contained in the remainder of paragraph 35 of the Amended Complaint. In particular, Plaintiff alleges that he obtained and listened to a recording of the August 3, 2011 meeting and that no other person was prevented from finishing their statements based upon their viewpoint. (*Id.*). For example, the Amended Complaint alleges that one person described a

proposed Highlands Council measure as "hypocritical" and was still allowed to speak.  A second person was allowed to speak even though he questioned the actions of the Highlands Council and stated that "he hoped the younger members on the Council had a better upbringing and made better decisions." (Am. Compl., ¶ 35).   Based on these facts, the Court finds that Plaintiff has properly pled the first element of an equal protection claim—namely, that he was treated differently from others similarly situated.  *See Willowbrook,* 528 U.S. at 564.

Plaintiff has failed, however, to allege sufficient facts to substantiate the theory that there was no rational basis for the difference in treatment.  *See, e.g., Hill,* 455 F.3d at 239.  As the Court previously held, the allegation that Defendants Rilee and/or James interrupted him "without cause" is entirely conclusory and arguably a legal conclusion.  In other words, Plaintiff provides absolutely no facts to substantiate the theory that Defendants lacked a rational basis for interrupting him during his speech.  This is particularly so given the new allegation that one of the statements/interruptions made by Defendant Rilee—"This is about the TDRs"—sought to bring Plaintiff's comments back to what was presumably the topic at issue.  (Am. Compl., ¶ 14).  As a practical matter, *if* Plaintiff attempted to speak on a topic other than the topic at issue, then the Court cannot reasonably infer that Defendants Rilee and/or James lacked a rational basis for interrupting him.  *See, e.g., Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 281 (3d Cir. 2004 ("[T]he chairman of the meeting sought to restrict the discussion to topics of public interest and requested that David Eichenlaub not discuss matters of private concern. To the extent those restrictions were not strictly content-neutral, the chairman's actions served the function of confining the discussion to the purpose of the meeting."); *see generally Rowe v. City of Cocoa,* 358 F.3d 800, 803 (11th Cir. 2004) (per curiam) ("As a limited public forum, a city council meeting is not open for endless public commentary speech but instead is simply a limited platform to discuss the topic at hand.").

Again, although Plaintiff's brief in opposition to Defendants' motion to dismiss claims that "Plaintiff's comments were completely relevant to the topic of TDR" (Pl. Opp'n Br. at 4), the Amended Complaint does not contain this particular allegation, nor does it contain any facts in support of same. *See generally PepsiCo,* 836 F.2d at 181 ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted). Finally, to the extent Plaintiff wishes to substantiate his equal protection claim with statements contained in the November 9, 2011 letter to Highlands Council from the Municipal Prosecutor for Chester Township, as alleged in paragraph 20 of the Amended Complaint, then Count Two must be amended to include any pertinent factual allegations that are within Plaintiff's personal knowledge.

Absent additional facts concerning the circumstances surrounding Plaintiff's speech—e.g., whether his comments were relevant to the topic of TDR—and Defendants' alleged interruption(s),[3] the Court cannot draw the reasonable inference that either Defendant Rilee or James are liable for the misconduct alleged—namely, that they intentionally treated Plaintiff differently from other speakers on the day in question and that there was no rational basis for the difference in treatment. *See Village of Willowbrook,* 528 U.S. at 564. Plaintiff's Equal Protection claims against the Individual Council Defendants are thus dismissed *without* prejudice.

Because the Court finds that Plaintiff has failed to plead a facially plausible First Amendment or Equal Protection claim as against either of the Individual Council Defendants—and dismisses both claims on this basis *without* prejudice—the Court declines to rule on the

---

[3] Because there is no allegation that the Individual Council Defendants removed Plaintiff from the meeting—or even directed his removal—the Court construes this claim as alleging, in relevant part, that said defendants intentionally treated Plaintiff differently from others similarly situated by virtue of their alleged interruptions. To the extent this differs from Plaintiff's theory of the claim, Plaintiff shall amend this claim to clarify same.

Council Defendants' qualified immunity arguments at this time. The Council Defendants may renew such arguments in any future motion practice.

### B. Count Four—*Monell* Claim Against Highlands Council and Individual Council Members

Count Four purports to assert a § 1983 *Monell* claim against the Highlands Council based on the following facts: "Defendant Highlands Council, through Chairman Jim Rilee, developed and maintained policies and customs exhibiting deliberate indifference to the Constitutional Rights of Plaintiff." (Am. Compl., ¶ 41). In particular, Count Four alleges that "as the Chairman of the Highlands Council, Defendant Rilee is responsible for regulating Highlands Council meetings. He is the highest and sole policy maker with respect to regulating Highlands Council meetings. On August 3, 2011, Defendant Rilee both interrupted Plaintiff based on his speech and permitted Defendant James to interrupt Plaintiff based on Plaintiff's speech." (*Id.*, ¶ 42).

Generally, municipalities or other local government units may incur liability under § 1983 only when its policy or custom causes a particular constitutional violation. *See Monell*, 436 U.S. at 694. "An official with policymaking authority can create official policy, even by rendering a single decision." *McGreevy v. Stroup,* 413 F.3d 359, 367-368 (3d Cir. 2005). When a single decision is the basis of the alleged constitutional violation, however, "municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–484 (1986). "Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Id.* at 481-482.

The Court finds that Count Four, as currently pled, is still deficient for various reasons. First, *Monell* liability can only be imposed on a municipality. *See Langford v. City of Atl. City*, 235 F.3d 845, 847 (3d Cir. 2000) ("The Supreme Court in *Monell* held that a municipality can be held liable as a person under section 1983 when it unconstitutionally implements or enforces 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by' the officers of that municipality"); *see generally Bd. of County Comm'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397, 417 (1997) ("In assigning municipal liability under Monell, we accordingly distinguish an act of a municipal agent without independent authority to establish policy from the act of one authorized to set policy under local law."). Plaintiff already asserts § 1983 claims against the Individual Council Defendants—in their official and individual capacities—for their alleged role in the deprivation of his constitutional rights. *See generally* Counts Two and Six of the Amended Complaint. Count Four is therefore dismissed *with* prejudice (as duplicative) as to the Individual Council Defendants.

Second, this Court previously dismissed this claim on the basis that Plaintiff's complaint failed to allege any particular policy or custom that was actually adopted and promulgated by the Highlands Council. Count Four continues to allege the existence of "policies and customs exhibiting deliberate indifference to the Constitutional Rights of Plaintiff." (Am. Compl., ¶ 41). This statement is entirely conclusory and thus does not benefit from the presumption of truth. *See generally Iqbal*, 556 U.S. at 679 ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth").

Next, Plaintiff alleges that Defendant Rilee is "the highest and sole policy maker with respect to regulating Highlands Council meetings" and that on the day in question, he "both

interrupted Plaintiff based upon his speech and permitted Defendant James to interrupt Plaintiff based on Plaintiff's speech." (Am. Compl., ¶ 42). Even assuming, *arguendo*, that interruption(s) could constitute an unconstitutional restriction on speech, the Court has already noted that there are no allegations in the Amended Complaint that Defendant James actually interrupted Plaintiff; rather, the only facts contained in the Amended Complaint as they relate to Defendant James are that Plaintiff asked him a question directly, that James responded, and that Plaintiff continued speaking. (Am. Compl., ¶ 15). Moreover, the Court has already held that based on the facts pled, the Court has no reasonable basis to infer that either Rilee or James imposed any restrictions on Plaintiff's speech *on the basis of his viewpoint*. For example, the Amended Complaint does not explain whether and/or how Plaintiff's comments related to the topic of TDRs. The allegation that he was interrupted "without cause" is, as previously held, entirely conclusory and thus does not benefit from the presumption of truth. *See generally Iqbal,* 556 U.S. at 679.

Finally, all that remains as to this claim is the allegation that Defendant Rilee is the "highest and sole policy maker with respect to the Highlands Council" and that he interrupted Plaintiff during his public comment at an August 3, 2011 meeting. (Am. Compl., ¶ 42). Although it is true that "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances," "not every decision by municipal officers automatically subjects the municipality to § 1983 liability. Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Pembaur*, 475 U.S. at 481-482. Count Four does not specify—much less with sufficient factual support—"the action ordered" or official policy created by Defendant Rilee. *Id.; McGreevy*, 413 F.3d at 367-368. At most, the Amended Complaint alleges that Defendant Rilee: (1) was the Chairman of the Highlands Council, (2) was, by virtue of his position, in charge of presiding over

14

the August 3, 2011 public meeting of the Highlands Council, and (3) interrupted Plaintiff two to three times during the course of his three minute comment. (Am. Compl., ¶ 10).[4] Even assuming, *arguendo*, that the Amended Complaint could be construed as alleging that Defendant Rilee possessed certain discretion in overseeing the meeting by virtue of his position as Chairman, "[t]he fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." *Pembaur*, 475 U.S. at 481-482. Count Four, as currently pled, fails to pass this threshold.

The Council Defendants' motion to dismiss Count Four is therefore granted. Although Plaintiff has already been afforded an opportunity to cure the pleading deficiencies in this claim, the Court will afford Plaintiff with one final opportunity to do so. Count Four of Plaintiff's Amended Complaint is therefore dismissed *without* prejudice as to the Individual Council Defendants.

### C. Count Five—Violation of the New Jersey Civil Rights Act

In addition to bringing claims pursuant to § 1983, Plaintiff also brings a claim under the New Jersey State Constitution through the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6–2, in Count Five of his Amended Complaint. A person may bring a civil action under the NJCRA in two circumstances: "(1) when he's deprived of a right, or (2) when his rights are interfered with by threats, intimidation, coercion or force*." Felicioni v. Admin. Office of Courts*, 404 N.J. Super. 382, 400, 961 A.2d 1207 (App. Div. 2008). The NJCRA was modeled after §

---

[4] Again, the Court notes that paragraph 20 of the Amended Complaint suggests that someone told Plaintiff to "sit down." (Am. Compl., ¶ 20). Plaintiff does not allege, however, that it was either Rilee or James who asked/told him to sit down.

15

1983, and thus courts in New Jersey have generally looked at claims under the NJCRA "through the lens of § 1983." *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443–44 (D.N.J. 2011); *see also Chapman v. New Jersey,* No. 08–4130, 2009 WL 2634888, *3 (D.N.J. Aug. 25, 2009) ("Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart...."); *Armstrong v. Sherman*, No. 09–716, 2010 WL 2483911, *5 (D.N.J. June 4, 2010) ("[T]he New Jersey Civil Rights Act is a kind of analog to section 1983 ...."); *see generally Hedges v. Musco*, 204 F.3d 109, 121 n. 12 (3d Cir. 2000) (concluding that New Jersey's constitutional provisions concerning search and seizures are interpreted analogously to the Fourth Amendment).

As to the Council Defendants, there is no dispute that Plaintiff's NJCRA claim (Count Five) and § 1983 claim(s) (Count Two and Four) are based on the same underlying facts and theories.  *See* Am. Compl., ¶ 45 (incorporating facts from Count Two and Four into Count Five). Having concluded that the Amended Complaint fails to set forth any viable § 1983 claims against the Council Defendants, Plaintiff's corresponding claim against the same Defendants for violation of the NJCRA—which, is indisputably modeled after § 1983—must be dismissed, *without* prejudice, for the reasons discussed above.

### D. Count Six -- § 1983 and NJCRA Claims Against James and Rilee Individually

Having concluded that Plaintiff has failed to state a viable § 1983 and/or NJCRA claim against the Individual Council Defendants in their official capacities (Counts Two and Five), it naturally follows that Plaintiff has failed to state a viable § 1983 claim against them in their individual capacities.  Defendants' motion to dismiss Count Six is therefore granted.  Count Six is hereby dismissed *without* prejudice.

In the interest of judicial economy, the Court notes that Defendants also move to dismiss this claim on the basis that there are no factual allegations in the Amended Complaint that support Plaintiff's claimed damages. In particular, Count Six, which seeks to hold Defendants James and Rilee individually liable for First Amendment and Equal Protection violations, alleges that "as a direct and proximate result of Defendants' conduct, Plaintiff suffered serious and permanent injuries, pain and humiliation; will, in the future, suffer pain and humiliation from said injuries; incurred medical expenses; may, in the future, incur medical expenses; and has been, and in the future will be prevented from engaging in his normal activities and pursuits." (Am. Compl., ¶ 28). But the Amended Complaint alleges that he was physically restrained and arrested by Defendant Officers and that he sustained physical injuries as a result of the Defendant Officers' alleged use of excessive force. (Am. Compl., ¶¶ 18, 25). The Amended Complaint does not allege that Defendants Rilee and/or James ordered or directed Plaintiff's physical restraint. Absent any facts linking the actions of Defendants James and/or Rilee to Plaintiff's physical injuries, Plaintiff has failed to allege a facially plausible basis for seeking damages resulting from his physical injuries from these particular defendants. Although the Court does not dismiss Count Six on this basis, to the extent he chooses to amend the pleading deficiencies discussed herein, Plaintiff shall be guided accordingly.

## **CONCLUSION**

Based on the reasons set forth above, the Council Defendants' motion to dismiss the Amended Complaint [Docket Entry No. 15] is **granted**. Count Two is dismissed *with* prejudice as to the Highlands Council and *without* prejudice as to the Individual Council Defendants. Count Four is dismissed *with* prejudice as to the Individual Council Defendants and *without* prejudice as

to the Highlands Council.  Count Five is dismissed *without* prejudice as to the Council Defendants.  Count Six is dismissed *without* prejudice as to the Individual Council Defendants.

Plaintiff may file a Second Amended Complaint on or before **April 21, 2014** to cure the pleading deficiencies discussed above.  Plaintiff's failure to do so by such date may result in dismissal of Counts Two, Four, Five and Six *with* prejudice, upon application by the Council Defendants.

An appropriate Order accompanies this Opinion.

s/ Jose L. Linares<br>Jose L. Linares<br>United States District Judge

Date:   March 11, 2014